# Exhibit "A"

 **CT Corporation**

**Service of Process Transmittal**
05/30/2014
CT Log Number 525049804

**TO:**   Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

**RE:**   **Process Served in Texas**

**FOR:**   The Prudential Insurance Company of America (Domestic State: NJ)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marcia Slack, Pltf. vs. The Prudential Insurance Company of America, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Exhibit(s) |
| **COURT/AGENCY:** | 241st Judicial District Court Smith County, TX<br>Case # 141411C |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed Amount $500,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/30/2014 postmarked on 05/28/2014 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Roger W. Anderson<br>Gillen & Association<br>613 Shelley Park Plaza<br>Tyler, TX 75701<br>903-581-8600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/31/2014, Expected Purge Date: 06/05/2014<br>Image SOP<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Beatrice Casarez-Barrientez<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

LOIS ROGERS
District Clerk, Smith County
100 N. Broadway #204
TYLER, TEXAS 75702

14-1411-C

CERTIFIED MAIL™

7013 2250 0001 3586 5437

U.S. POSTAGE >> PITNEY BOWES

ZIP 75702 $ 007.82⁰
02 1W
0001380288 MAY. 28. 2014

Prudential Insurance Company of America
C/o CT Corporation System
350 North St. Paul Street
Dallas, Texas 75201

**CAUSE NO. 14-1411-C**

COPY

# THE STATE OF TEXAS
# CITATION BY CERTIFIED MAIL

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

**TO:**   **PRUDENTIAL INSURANCE COMPANY OF AMERICA**
**CT Corporation System 350 North St. Paul Street, Dallas, Texas 75201**

*GREETINGS:*   You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before ten (10:00) o'clock A.M. on the Monday next after the expiration of the twenty (20) days after the date of service of this citation before the HONORABLE 241st District Court of Smith County, Texas, at the Courthouse of said County, in Tyler, Texas.

Said  PLAINTIFF'S ORIGINAL PETITION was filed in said Court by ROGER W. ANDERSON whose address is: 613 SHELLY PARK PLAZA  TYLER, TX 75701 on this date: MAY 27, 2014 , in this cause, numbered 14-1411-C on the docket of said Court, and styled:

> MARCIA SLACK
> VS
> PRUDENTIAL INSURANCE COMPANY OF AMERICA

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part thereof.

The officer executing this writ shall promptly mail the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of the Court at Tyler, Texas, on this date: May 28th, 2014



LOIS ROGERS

Clerk of the District Courts of
Smith County, Texas

By:   *Mary Pyle*
MARY PYLE, Deputy

*******************CERTIFICATE OF DELIVERY BY MAIL*******************
I hereby certify that on this date: MAY 28, 2014, at 10:30 o'clock A.M., I mailed to PRUDENTIAL INSURANCE COMPANY OF AMERICA by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Petition attached thereto.

*Mary Pyle*
MARY PYLE, **Deputy**

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED:7013 2250 0001 3586 5437**

>>>>>>>>**ATTACH RETURN RECEIPT WITH ADDRESSEE'S SIGNATURE**<<<<<<<<

NO. 14-141-C

| | | |
|---|---|---|
| MARCIA SLACK | )( | IN THE DISTRICT COURT |
| | )( | |
| V. | )( | SMITH COUNTY, TEXAS |
| | )( | |
| PRUDENTIAL INSURANCE COMPANY | )( | 241ST JUDICIAL DISTRICT COURT |
| OF AMERICA | )( | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARCIA SLACK, Plaintiff, and files this her Original Petition complaining

of the PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant, and for such cause

of action would respectfully show the Court as follows:

I.

Plaintiff hereby requests that discovery of this cause be conducted pursuant to Rule 190.4,

Level 3, Texas Rules of Civil Procedure. Pursuant to such request, Plaintiff hereby moves that the

Court enter a Discovery Control Plan.

II.

Plaintiff, MARCIA SLACK, is an individual residing in Smith County, Texas.

Defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA, is an insurance

carrier doing business in the State of Texas which may be served herein by service upon CT

Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

III.

Smith County is the County in which all or a substantial part of the events or omissions

**PLAINTIFF'S ORIGINAL PETITION – PAGE 1 OF 15**

giving rise to the claims which are the subject of this suit occurred.  Accordingly, venue is proper

in Smith County, Texas pursuant to Section 15.002(a)(1), T.C.P.R.C.

IV.

In 2001, Tom Slack purchased a life insurance policy from Defendant.  Defendant issued

Policy No. 77938804 with a contract date of July 19, 2001 and total death benefits of $500,000.00.

The annual premium for this policy was $10,580.00.  Mr. Slack designated his wife, Plaintiff, Marcia

Slack, as the beneficiary of such policy.  Plaintiff is a third party beneficiary of the contract between

Tom Slack and Defendant.

V.

Defendant represented to Mr. Slack that for an additional payment of $6,020.00 per year, the

premium for the above-described policy would vanish after 10 years.  Based upon the representations

made by Defendant, Tom Slack paid a total of $17,300.00 annually, said sum consisting of the total

of the annual premium due of $10,580.00 and the additional payment of $6,020.00.  In reliance upon

Defendant's representations, Mr. Slack made such payments from 2001 through 2010.

VI.

In July 2011, Tom Slack was terminated from his previous employment and as a result began

a new business.  On or about June 22, 2011, Defendant forwarded a Notice of Payment Due

statement to Tom Slack wherein Defendant claimed that Tom Slack's annual premium of $10,580.00

was due as of July 19, 2011.  Defendant made this claim contrary to its prior representation that with

the additional payment of $6,020.00 a year, the premium due for this policy would vanish after 10

years.  The Notice of Payment Due statement further represented that a dividend of $2,942.50 would

be credited to his account effective July 19, 2011.  In addition, Defendant's Notice of Payment Due

**PLAINTIFF'S ORIGINAL PETITION – PAGE 2 OF 15**

statement represented to Mr. Slack that Slack had Additional Paid-up Insurance of $108,984.93 and that the policy had a total cash value of $164,134.93.  Defendant's representative handling Mr. Slack's policy was Ronnie William Shaffer.  A true and correct copy of the July 19, 2011 Notice of Payment Due is attached hereto as Exhibit "A."

VII.

In light of the termination of his previous employment and the start-up of a new business venture, Tom Slack's cash flow was tight.  Accordingly, Mr. Slack contacted Defendant and requested Defendant to use a portion of the cash value of his policy to pay the premium Defendant claimed was due for this policy.  However in spite of the fact that the cash value and dividends far exceeded the premium due, Defendant initially refused Mr. Slack's request.

VIII.

In response to Defendant's initial refusal to allow Mr. Slack to use his accrued dividends and cash value to pay the premium Defendant claimed was due, Mr. Slack contacted Prudential's representative, Ronnie Shaffer.  On September 2, 2011, Prudential's representative, Mr. Shaffer, spoke with "Justin" of Defendant and confirmed that the annual premium Defendant claimed was due would be paid with dividends and the policy would be maintained in full force.  Prudential's representative, Mr. Shaffer, confirmed this agreement with Mr. Slack.

IX.

By letter dated September 6, 2011, a true and correct copy of which is attached hereto as Exhibit "B," Defendant forwarded payment confirmation to Mr. Slack.  Defendant confirmed that $10,727.03 of the cash value of the fully paid-up additional insurance had been used to pay the premium for this policy and the premium due for the policy was paid through July 19, 2012.  Tom

**PLAINTIFF'S ORIGINAL PETITION – PAGE 3 OF 15**

Slack was not required to execute any written forms or make any written application to effectuate this payment. This entire transaction was conducted by telephone request.

X.

As the anniversary date of the policy approached in 2012, Tom Slack contacted Prudential's representative, Ronnie Shaffer, and requested an accounting with regard to the policy so that arrangements similar to those in 2011 could be made for payment of the upcoming annual premium Defendant claimed was due. By letter dated June 26, 2012, Defendant provided Mr. Slack with the accounting requested by Prudential's representative, Ronnie William Shaffer. A true and correct copy of Defendant's accounting of June 26, 2012 is attached hereto as Exhibit "C." Defendant represented to Mr. Slack that as of June 22, 2012, his policy had a cash value of Paid-up Additional Insurance of $100,304.07 and a total net cash surrender value of $163,370.77, sums far in excess of any premium claimed by Defendant.

XI.

In addition, Tom Slack received Defendant's Notice of Payment Due for 2012, a true and correct copy of which is attached hereto as Exhibit "D." Defendant's Notice of Payment Due represented to Mr. Slack that a dividend of $3,347.50 would be credited to his account as of July 19, 2012. Defendant further represented that the total Additional Paid-up Insurance was $106,349.09 and that the policy had a total cash value of $168,629.09. Defendant further claimed, contrary to Defendant's original representations and sales promotions concerning vanishing premiums, that an annual premium of $10,580.00 was due on July 19, 2012 to maintain the policy.

XII.

As a result of continuing cash flow issues, Tom Slack wished to maintain the policy and pay

the premium Defendant claimed was due for July, 2012 in the same manner as 2011. Accordingly on July 13, 2012, Tom Slack contacted Defendant's customer service office, made such request and was advised that the arrangements to pay the premium would be taken care of. No written application or form had been required to effectuate this method of payment in 2011. Tom Slack was never advised that any written form or application would be required in 2012. Based upon Defendant's representations, Tom Slack's policy had sufficient cash value of Paid-up Additional Insurance to more than cover the base premium obligation of $10,580.00.

## XIII.

In spite of such agreement, contrary to Defendant's representations and notwithstanding Defendant's past course of dealings, Defendant issued a notice to Tom Slack dated September 20, 2012 informing him that the policy had lapsed but that the policy was eligible for reinstatement. Defendant represented to Tom Slack that if he wished to reinstate the policy, he could contact Prudential's representative, Ronnie W. Shaffer. Pursuant to Defendant's instructions, Tom Slack did contact Defendant's representative, Mr. Shaffer. Mr. Shaffer contacted Defendant and was assured that the erroneous notice of policy lapse would be corrected and the premium obligations would be paid for in the same manner as the previous year, 2011. Accordingly, Defendant represented to Tom Slack and Plaintiff that the premium obligation was taken care of and the policy would be maintained in full force and effect.

## XIV.

In spite of all of those agreements and representations, Defendant issued a letter dated November 8, 2012 to Tom Slack acknowledging his request to reinstate the policy but now falsely claiming that the premium due was $17,300.00. A true and correct copy of Defendant's letter of

**PLAINTIFF'S ORIGINAL PETITION – PAGE 5 OF 15**

November 8, 2012 to Tom Slack is attached hereto as Exhibit "E."      In addition, Defendant claimed that in order for the policy to be reinstated, Tom Slack could be required to take a medical examination. All of such claims directly contradicted Defendant's previous representations, breached Defendant's previous agreements and were contrary to Defendant's past course of dealings with regard to this policy.

XV.

On December 2, 2012, Tom Slack died. Accordingly, Plaintiff, Marcia Slack, as a designated beneficiary under the policy, filed a claim for the death benefits due under the policy.

XVI.

In response to Plaintiff's claim for death benefits of $500,000.00, Defendant issued payment of $274,391.58 on or about March 4, 2013. Obviously, such payment was considerably less than the death benefits to which Plaintiff was entitled pursuant to such policy. Thereafter, repeated demands were made upon Defendant for an accounting of how Defendant had calculated the amount and composition of the death benefits paid to Plaintiff. In spite of Plaintiff's repeated demands, Defendant's only reply for months was that it was researching Plaintiff's inquiry. Defendant allegedly "researched" Plaintiff's inquiry for over a year.

XVII.

Over a year after Defendant shortchanged Plaintiff, Defendant ultimately responded with a number of patently false claims and excuses. Although Defendant had previously admitted in writing, and while Mr. Slack was still alive, that Tom Slack had contacted Defendant on July 13, 2012 with regard to payment of the premiums; a year-and-a-half after Mr. Slack's death Defendant reversed itself and claimed that its previous written admission of such contact was an "error." Now

**PLAINTIFF'S ORIGINAL PETITION – PAGE 6 OF 15**

that Mr. Slack was deceased, Defendant claimed that Tom Slack had never requested a payment of the premiums by use of dividends or the additional paid-up insurance. As a result, Defendant claimed that the policy had lapsed. Defendant offered no explanation and ignored the fact that it had also assured its own representative, Ronnie W. Shaffer, that payment of the 2012 premium would be satisfied in the same manner as 2011.

## XVIII.

In addition, Defendant falsely claimed that as of July 2012, sufficient dividends had not accrued to Tom Slack's policy account to pay the annual premium Defendant claimed was due, $10,580.00. However, based upon prior written representations by Defendant to Tom Slack and Plaintiff from 2003 through 2012, a total of $23,052.50 in dividends had been credited to this account. Accordingly, there was more than enough accrued dividends available for payment of the premium Defendant alleged was due for both 2011 and 2012. Defendant's claim that the dividends were insufficient to pay this premium was patently false.

## XIX.

Defendant then further claimed that the policy account did not have sufficient Paid-up Additional Insurance to cover the annual premium Defendant claimed was due in 2012. Once again, this claim was contrary to Defendant's own accounting which it provided to Tom Slack and Plaintiff in June and July of 2012. Defendant's prior accounting was relied upon by Tom Slack and Plaintiff in making their determination as to how to pay the 2012 annual premium. Based upon Defendant's accounting, the policy account had over $100,000.00 in Paid-up Additional Insurance, the same source used by Defendant to pay the premium in 2011. Accordingly, Defendant's claim that there was insufficient Paid-up Additional Insurance to pay the 2012 annual premium was patently false.

**PLAINTIFF'S ORIGINAL PETITION – PAGE 7 OF 15**

XX.

After allegedly researching this issue for over year, Defendant then advised Plaintiff that Defendant, without any authorization from Tom Slack and/or Plaintiff, had unilaterally used the over $160,000.00 in cash value of this policy account to purchase what Defendant characterized as "Reduced Paid-up Insurance" with a death benefit of $270,000.00.  In other words, without any authority or permission from Tom Slack and/or Plaintiff, Defendant claimed that it took over $160,000.00 cash value from Tom Slack and Plaintiff to purchase a net amount of insurance of roughly $100,000.00.  Of course, this was done in addition to almost $200,000.00 the Slacks had already paid in premiums since 2001 so that no more premiums would be due to maintain the $500,000.00 of death benefits after the tenth year.  This unauthorized and unilateral transaction allegedly made by Defendant was contrary to its representations to both Tom Slack and Defendant's own representative, Ronnie Shaffer, as well as its previous course of dealings with this policy.

XXI.

The above-described wrongful conduct of Defendant constituted breach of contract.

XXII.

At all times material hereto, Plaintiff and her husband, Tom Slack, were consumers as that term is defined in Section 17.45(4), Deceptive Trade Practices-Consumer Protection Act, Texas Business and Commerce Code, hereinafter referred to as "DTPA."

XXIII.

Defendant's above-described wrongful conduct constituted false, misleading or deceptive acts or practices as defined in the DTPA including but not limited to the following:

A.     Representing that its policy and services had characteristics and benefits

**PLAINTIFF'S ORIGINAL PETITION – PAGE 8 OF 15**

which they did not have;

B.     Representing that its policy and services were of a particular standard, quality or grade when they were of another;

C.     Advertising and promoting its policy and services with the intent not to sell them as advertised and/or promoted;

D.     Representing that the policy and agreements with Plaintiff and Tom Slack conferred or involved rights or obligations which it did not have or involve;

E.     Representing that services had been performed, including but not limited to arrangements for satisfaction of the premium obligation, when such services had not been performed; and

F.     Failing to disclose information concerning its policy and services which were known by Defendant at the time of the transaction and where such failure to disclose such information was intended to induce Plaintiff and her husband, Tom Slack, into a transaction into which they would not have entered had such information been disclosed.

## XXIV.

Defendant's above-described wrongful conduct constituted an unconscionable course of action as that term is defined in Section 17.45(5), DTPA.

## XXV.

The above-described wrongful conduct of Defendant was committed knowingly as that term is defined in Section 17.49(9), DTPA.

**PLAINTIFF'S ORIGINAL PETITION – PAGE 9 OF 15**

XXVI.

Defendant's above-described wrongful conduct was committed intentionally as that term is defined in Section 17.45(13), DTPA.

XXVII.

The above-described wrongful conduct of Defendant constituted unfair or deceptive acts or practices as defined in the Texas Insurance Code including but not limited to the following:

A.   Making or causing to be made statements misrepresenting the terms, benefits or advantages of the insurance policy;

B.   Making, or directly or indirectly causing to be made, assurances, representations or statements with respect to its policy and services which were untrue, deceptive or misleading;

C.   Making misrepresentations relating to its policy by:

   1.   making untrue statements of material facts;

   2.   failing to state material facts that were necessary to make other statements not misleading, considering the circumstances under which the statements were made;

   3.   making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   4.   making material misstatements of law; or

   5.   failing to disclose matters required by law to be disclosed, including failure to make disclosures in accordance with other provisions of the Texas Insurance Code.

**PLAINTIFF'S ORIGINAL PETITION – PAGE 10 OF 15**

XXVIII.

Defendant failed to make timely payment of the benefits due Plaintiff pursuant to the above described policy as required by Section 542, Texas Insurance Code.

XXIX.

Defendant's above-described wrongful conduct constituted unfair or deceptive acts or practices in the business of insurance by:

A.      failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim pursuant to the policy when Defendant's liability had become reasonably clear; and

B.      refusing to pay the claim pursuant to the policy without conducting a reasonable investigation with respect to Plaintiff's claim.

XXX.

The above-described wrongful conduct of Defendant was committed knowingly as that term is defined in Section 541.002(1), Texas Insurance Code.

XXXI.

The above-described wrongful conduct of Defendant constituted negligence.

XXXII.

The above-described wrongful conduct of Defendant constituted negligent misrepresentation. Specifically, Defendant engaged in a course of conduct whereby:

1.      Defendant made representations in the course of its business in a transaction in which it had a pecuniary interest;

2.      Defendant's representations supplied false information for the guidance of

**PLAINTIFF'S ORIGINAL PETITION – PAGE 11 OF 15**

Plaintiff and Tom Slack in their business; and

3.    In making such representations, Defendant did not exercise reasonable care or competence in obtaining or communicating such information.

### XXXIII.

The above-described wrongful conduct of Defendant constituted gross negligence.

### XXXIV.

The above-described wrongful conduct of Defendant constituted fraud.  Specifically, Defendant engaged in a course of conduct in which it:

1.    Defendant made material misrepresentations;

2.    The misrepresentations were made with knowledge of their falsity or made recklessly without any knowledge of the truth and as positive assertions;

3.    The misrepresentations were made with the intention that they should be acted upon by Plaintiff and Tom Slack; and

4.    Tom Slack and Plaintiff relied on the misrepresentations and thereby suffered damages.

The misrepresentations of Defendant included:

1.    False statements of fact;

2.    Promises of future performance made with an intent, at the time the promise was made, not to perform as promised;

3.    Statements of opinion based on false statements of fact; and

4.    Statements of opinion that Defendant knew to be false.

In addition, Defendant committed fraud by:

**PLAINTIFF'S ORIGINAL PETITION – PAGE 12 OF 15**

1.      Failing to disclose material facts to Tom Slack and Plaintiff within Defendant's knowledge;

2.      When Defendant knew that Tom Slack and Plaintiff were ignorant of the fact and did not have an equal opportunity to discover the truth;

3.      Defendant intended to induce Tom Slack and Plaintiff to take action by failing to disclose the facts; and

4.      Plaintiff and Tom Slack suffered damages as a result of acting without knowledge of the undisclosed fact.

## XXXV.

The above-described wrongful conduct of Defendant constituted a breach of its duty of good faith and fair dealing to Plaintiff and Tom Slack.  Specifically, Defendant engaged in a course of conduct in which it failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when Defendant's liability had become reasonably clear and refused to pay Plaintiff's claim without conducting a reasonable investigation.

## XXXVI.

The above-described wrongful conduct of Defendant was committed with malice.

## XXXVII.

The above-described wrongful conduct of Defendant constituted a proximate and producing cause of Plaintiff's damages.

## XXXVIII.

The above-described wrongful conduct of Defendant resulted in actual damages to Plaintiff.

**PLAINTIFF'S ORIGINAL PETITION – PAGE 13 OF 15**

### XXXIX.

Prior to the filing of this action, Plaintiff presented her claim to Defendant and afforded Defendant an opportunity to cure. However, Defendant failed and refused to do so. All conditions precedent to the prosecution of this action have been satisfied.

### XL.

The actual damages sustained by Plaintiff far exceed the minimum jurisdictional limits of this Court and include but are not limited to the death benefits due Plaintiff under the policy, termination dividends, interest from date of death, and mental anguish both in the past and in reasonable probability in the future.

### XLI.

In addition, Plaintiff is entitled to recover interest of 18% pursuant to Section 542.060, Texas Insurance Code.

### XLII.

As a result of Defendant's knowing conduct, Plaintiff is entitled to recover additional damages of up to three times the amount of Plaintiff's economic damages.

### XLIII.

As a result of Defendant's intentional conduct, Plaintiff is entitled to recover additional damages of up to three times Plaintiff's mental anguish and economic damages.

### XLIV.

Plaintiff is entitled to recover exemplary damages.

### XLV.

As a result of Defendant's breach of contract, violations of the DTPA and violations of the

**PLAINTIFF'S ORIGINAL PETITION – PAGE 14 OF 15**

Texas Insurance code, Plaintiff has been required to retain the services of the undersigned attorneys. Accordingly, Plaintiff is entitled to recover her reasonable and necessary attorneys' fees incurred in the prosecution of such claims.

XLVI.

Plaintiff is further entitled to recover prejudgment interest for which she hereby seeks recovery.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Marcia Slack, prays that Defendant, Prudential Insurance Company of America, be served herein and upon final trial hereof, that Plaintiff have judgment against Defendant for her actual damages, additional damages, exemplary damages, prejudgment interest, 18% statutory interest, post-judgment interest, attorneys' fees, costs of Court and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

GILLEN & ANDERSON
Attorneys and Counselors at Law
613 Shelley Park Plaza
Tyler, Texas  75701
(903) 581-8600
(903) 581-8790 (fax)

BY: _____
ROGER W. ANDERSON
State Bar No. 01213500
E-Mail: randerson@gillenanderson.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL PETITION – PAGE 15 OF 15**

 **Prudential**

For assistance, please call our Customer Service Office at (800) 782-5356, or your agent, RONNIE WILLIAM SHAFFER, at (903) 592-2722. You may also write us at the address listed below or visit us at www.prudential.com

Customer Service Office
PO Box 41594
Philadelphia, PA 19176

# Notice of Payment Due

**DUE DATE: July 19, 2011**

**Contract Number** 77 938 804

Insured: TOM W SLACK JR
2001 Life Insurance

NSOXR CAN 0

TOM W SLACK JR
821 ESE LOOP 323
SUITE 200
TYLER TX 75701

## PAYMENT INFORMATION

| | |
|---|---|
| Premium for 12 Month(s) | $10580.00 |
| TOTAL AMOUNT DUE | $17300.00 |

### ECONOMATIC BENEFIT INFORMATION
***(see other side for additional information)

| | |
|---|---|
| Term Ins Protection | $71295.17 |
| Paid-Up Ins Protection | $178704.83 |
| Additional Paid-Up Ins | $0.00 |
| Total | $250000.00 |

Cash Value of Paid-Up Ins and Additional Paid-Up Ins $108984.93

| | |
|---|---|
| TOTAL CASH VALUE | $164134.93 |

Your annual life insurance premium on contract 77 938 804 is due Jul 19, 2011. Paying it will continue the valuable benefit of this life insurance protection for twelve months.

The Total Amount Due includes an optional Additional Payment of $6,720.00 for the Economatic Benefit on this contract.

This death benefit includes your scheduled Economatic Benefit amount of $250,000.00 as of Jul 19, 2011.

We are pleased to tell you that a dividend of $2,942.50 will be credited on Jul 19, 2011. This will be used to provide paid-up additional insurance protection.

Your Prudential policy provides valuable insurance protection. We also want you to know that:

  Next year's annual premium will be $10,580.00.

Your cash value will continue its guaranteed increase. Any dividends will be earned based on our future experience.

The figure shown for TOTAL CASH VALUE includes any Paid-Up Additions and accumulated dividends, and deducts any outstanding loan and interest, as shown to the right.

Thank you for insuring with The Prudential.

Your Prudential representative is
RONNIE WILLIAM SHAFFER
telephone number 903-592-2722



**EXHIBIT**
**A**

---

**Please KEEP This Part**

**Please RETURN This Part**

Please make your check or other order for payment payable to **Prudential**. For your protection, please write the policy or contract number on your remittance. If paying more than the amount due, please tell us how to apply the excess.

Any order for payment will be accepted only subject to collection. If a check is returned due to insufficient funds, we may deposit that check for collection a second time.

If you pay in person, please present the entire notice.

Read notice on other side as to effect of failure to pay 'Net Premium Due' and other information.

**DUE DATE: July 19, 2011**

77 938 804        NSOXR CAN 0
TOM W SLACK JR
0621

| | |
|---|---|
| Prem for 12 Mth(s) | $10580.00 |
| **Net Premium Due** | $10580.00 |
| **Additional Payment** | $6720.00 |
| **Total Amount Due** | $17300.00 |

F
O
L
D

&

D
E
T
A
C
H

H
E
R
E

PLEASE DON'T CUT, STAPLE OR FOLD THIS COUPON.
Mail this coupon with your remittance to:
    PRUDENTIAL
    PO BOX 856138
    LOUISVILLE, KY 40285

Other correspondence, inquiries, and written requests must be sent to:
Customer Service Office
PO Box 41594
Philadelphia, PA 19176
We will begin to respond to your communication as of the date it is received at this address.

−0 00100 MJ
NSOXR BQN77

X7793880450173000000000000000000000071911000A4NSOXG4



# GENERAL INFORMATION

**Notice - Failure To Pay NET PREMIUM DUE On Time**

**Any Net Premium Due** shown on the other side is payable by the Due Date shown. However, there is a 31-day grace period for your benefit. **If a premium is not paid by the end of its 31-day grace period, your contract will end and have no value, except as may be provided in the contract or by law.**

**Where payable -** Your payment should be sent with the coupon in the envelope provided. We will give you a signed receipt if you ask. You may also pay in person at the local office shown on the top of the other side or at any of our Home Offices.

**Responsibility for Paying Premiums -** Premiums are payable when due on this contract, even if no premium notice is received from us. By sending this notice, we are not waiving any past due premiums. Neither do we waive any forfeiture that may have occurred before, on or after any past due date.

**Contract Loan and Interest -** If you have a loan on your contract, it is important that you pay the interest when due. If you do not pay the interest, it will be added to your loan and will also bear interest. This will reduce the equity in your contract.

**Dividends -** Any dividend amount shown on the other side will be credited on the anniversary if all premiums due before that date are paid in full and the Insured is living.

\* \* \* The **PUA Dividend** represents the value of any amount credited as a dividend on existing paid-up additional insurance.

The **Total Paid-Up Additional Insurance Protection** is the amount of insurance provided by your dividends, if any. If your contract includes an Option To Purchase Paid-Up Insurance on Life of Insured, the amount shown includes the amount of insurance provided by the purchase payments under this option.

The **Amount Added This Year** consists of the amount provided by the Total Dividend shown plus the amount provided by any purchase payment made under the Option To Purchase Paid-Up Insurance.

\* \* \* The following information applies to contracts that contain a Rider For Adjustable Benefits on Life of Insured -

The **PUA Dividend** represents the value of any amount credited as a dividend on existing Paid-Up Insurance Protection and Additional Paid-Up Insurance.

The **Adjustable Insurance Benefit** is the amount we will pay if the Insured dies while the rider is in force. It consists of a combination of Term Insurance Protection and Paid-Up Insurance Protection.

The **Additional Paid-Up Insurance** amount, if any, is also payable if the Insured dies. It includes the amount of insurance provided by any one sum payment you have made and asked us to use to increase the amount of coverage. If the Adjustable Insurance Benefit is made up of all Paid-Up Insurance Protection (i.e., no Term Protection), any future dividends or rider premiums will be used to provide Additional Paid-Up Insurance.

**Power of Agents -** Only a Prudential officer may agree to modify your contract; the agreement must be in writing. No one else has the power to extend the time for paying a premium, to waive any condition or provision of your contract, or to bind us to any other change in the terms or conditions of your contract.

---

The Prudential Insurance Company of America

If you pay by mail, your cancelled check or other record of payment is your receipt. We will give you a signed receipt if you ask.

Check or M.O. No. _____

Amount $ _____ Date _____

---

Newark, New Jersey 07102-3777

If you pay in person to an authorized Company representative, he or she will sign here.

Office if Other than In Force

Receipt of $ _____ is acknowledged. _____

Signed by _____ Date _____

 **Prudential**

## *Payment Confirmation*

For insurance service, get in touch with your
representative or this office:
PRUDENTIAL
PO BOX 7390
PHILADELPHIA PA 19176
TEL 800-782-5356

NSOXR CAN B

TOM W SLACK  JR
821 ESE LOOP 323
SUITE 200
TYLER TX 75701

Contract Number   77 938 804
TOM W SLACK  JR

September 6, 2011

Here's how we handled your recent request...

**Where The Money Came From**

$10,727.03 Cash value of fully paid up additional life insurance protection

**How The Money Was Used**

$10,727.03 To pay premiums

Your Economatic Benefit now consists of Term Insurance Protection of $88,884.51 and Paid-up Insurance of $161,115.50.

The balance includes the additional life insurance protection provided by the dividend credited on July 19, 2011.

Premiums are paid to July 19, 2012.

If you have any questions, please get in touch with your Prudential representative or the office shown above.

The withdrawal, surrender, or borrowing of any policy values from your current policy may adversely affect its guaranteed and any non-guaranteed elements, face amount, and surrender value.

Thank you for insuring with Prudential.

Your Prudential representative is
RONNIE WILLIAM SHAFFER
telephone number  903-592-2722

**EXHIBIT**

**B**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
B 60500 GV88      FOR SERVICE CALL 1-800-PRU-CALL (1-800-778-2255)
NSOXR BQN773   EASTERN OPERATIONS, FT WASHINGTON, PA 19034

 **Prudential**

Customer Service Office
PO Box 41594
Philadelphia, PA 19176
(800) 782-5356
www.prudential.com

TOM W SLACK JR
SUITE 200
821 ESE LOOP 323
TYLER TX 75701

Policyowner: Tom W Slack Jr
Insured: Tom W Slack Jr
Policy Number: 77938804

June 26, 2012

Dear Tom W Slack Jr:

I am writing in response to a request from Ronnie William Shaffer for information concerning the above-mentioned policy. You should find the following information helpful.

I have outlined the information below. The approximate values have been calculated as of June 22, 2012.

| Policy Face Value | $250,000.00 |
|---|---|
| Face Value of Paid Up Additional Insurance | $161,115.50 |
| One Year Term Face Amount | $88,884.50 |
| Termination Dividend | $655.00 |
| Outstanding Loan Value including Interest | $0.00 |
| **Net Death Benefit** | **$500,655.00** |

| Gross Cash Surrender Value | $62,280.00 |
|---|---|
| Cash Value of Paid Up Additional Insurance | $100,304.07 |
| Unexpired One Year Term Costs | $114.20 |
| Termination Dividend | $672.50 |
| Outstanding Loan Value including Interest | $0.00 |
| **Net Cash Surrender Value** | **$163,370.77** |

| Loan Value Available | $1621,68.73 |
|---|---|

If you have any questions, please call our customer service office at (800) 782-5356, Monday through Friday, 8:00 a.m. to 7:00 p.m., Eastern time. If you are using a telecommunications device for the hearing impaired, please call at (800) 778-8633, Monday through Friday, 8:00 a.m. to 6:00 p.m., Eastern time. One of our customer service representatives will be happy to help you.

Sincerely,

*Patricia Lambert*

Patricia Lambert
Customer Service Associate

ns



Life insurance is issued by The Prudential Insurance Company of America, Pruco Life Insurance Company (except in NY), or Pruco Life Insurance Company of New Jersey (in NY and NJ).

 **Prudential**

For assistance, please call our Customer Service Office at (800) 782-5356, or your agent, RONNIE W SHAFFER, at (903) 592-2722. You may also write us at the address listed below or visit us at www.prudential.com

Customer Service Office
PO Box 41594
Philadelphia, PA 19176

*Notice of*
*Payment Due*

**DUE DATE: July 19, 2012**

NSOXR CAN 0

TOM W SLACK JR
821 ESE LOOP 323
SUITE 200
TYLER TX 75701

Contract Number  77 938 804

Insured: TOM W SLACK JR
2001 Life Insurance

**PAYMENT INFORMATION**

Premium for 12 Month(s)    $10580.00

| TOTAL AMOUNT DUE | $17300.00 |

**ECONOMATIC BENEFIT INFORMATION**

***(see other side for additional information)

| Term Ins Protection | $79489.53 |
| Paid-Up Ins Protection | $170510.47 |
| Additional Paid-Up Ins | $0.00 |
| Total | $250000.00 |

Cash Value of Paid-Up Ins and
Additional Paid-Up Ins    $106349.09

| TOTAL CASH VALUE | $168629.09 |

Your annual life insurance premium on contract  77 938 804 is due Jul 19, 2012.  Paying it will continue the valuable benefit of this life insurance protection for twelve months.

The Total Amount Due includes an optional Additional Payment of $6,720.00 for the Economatic Benefit on this contract.

This death benefit includes your scheduled Economatic Benefit amount of $250,000.00 as of Jul 19, 2012.

We are pleased to tell you that a dividend of $3,347.50 will be credited on Jul 19, 2012.  This will be used to provide paid-up additional insurance protection.

Your Prudential policy provides valuable insurance protection.  We also want you to know that:

.   Next year's annual premium will be $10,580.00.

Your cash value will continue its guaranteed increase.  Any dividends will be earned based on our future experience.

The figure shown for TOTAL CASH VALUE includes any Paid-Up Additions and accumulated dividends, and deducts any outstanding loan and interest, as shown to the right.

Thank you for insuring with The Prudential.

Your Prudential representative is
RONNIE W SHAFFER
telephone number 903-592-2722



EXHIBIT

D

Please KEEP This Part
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Please RETURN This Part

**DUE DATE: July 19, 2012**

77 938 804          NSOXR CAN 0
TOM W SLACK JR
0621

| Prem for 12 Mth(s) | $10580.00 |
| **Net Premium Due** | **$10580.00** |
| **Additional Payment** | **$6720.00** |
| **Total Amount Due** | **$17300.00** |

Please make your check or other order for payment payable to **Prudential**. For your protection, please write the policy or contract number on your remittance. If paying more than the amount due, please tell us how to apply the excess.

Any order for payment will be accepted only subject to collection. If a check is returned due to insufficient funds, we may deposit that check for collection a second time.

If you pay in person, please present the entire notice.

Read notice on other side as to effect of failure to pay 'Net Premium Due' and other information.

+D 00100 MJ
NSOXR BQN77

FOLD & DETACH HERE

PLEASE DON'T CUT, STAPLE OR FOLD THIS COUPON.
Mail this coupon with your remittance to:
PRUDENTIAL
PO BOX 856138
LOUISVILLE, KY 40285

Other correspondence, inquiries, and written requests must be sent to:
Customer Service Office
PO Box 41594
Philadelphia, PA 19176
We will begin to respond to your communication as of the date it is received at this address.

X7793880450173000000000000000000071912000A4NSOXG9

# GENERAL INFORMATION

**Notice - Failure To Pay NET PREMIUM DUE On Time**

**Any Net Premium Due shown on the other side is payable by the Due Date shown. However, there is a 31-day grace period for your benefit. If a premium is not paid by the end of its 31-day grace period, your contract will end and have no value, except as may be provided in the contract or by law.**

**Where payable -** Your payment should be sent with the coupon in the envelope provided. We will give you a signed receipt if you ask. You may also pay in person at the local office shown on the top of the other side or at any of our Home Offices.

**Responsibility for Paying Premiums -** Premiums are payable when due on this contract, even if no premium notice is received from us. By sending this notice, we are not waiving any past due premiums. Neither do we waive any forfeiture that may have occurred before, on or after any past due date.

**Contract Loan and Interest -** If you have a loan on your contract, it is important that you pay the interest when due. If you do not pay the interest, it will be added to your loan and will also bear interest. This will reduce the equity in your contract.

**Dividends -** Any dividend amount shown on the other side will be credited on the anniversary if all premiums due before that date are paid in full and the Insured is living.

** The **PUA Dividend** represents the value of any amount credited as a dividend on existing paid-up additional insurance.

The **Total Paid-Up Additional Insurance Protection** is the amount of insurance provided by your dividends, if any. If your contract includes an Option To Purchase Paid-Up Insurance on Life of Insured, the amount shown includes the amount of insurance provided by the purchase payments under this option.

The **Amount Added This Year** consists of the amount provided by the Total Dividend shown plus the amount provided by any purchase payment made under the Option To Purchase Paid-Up Insurance.

*** The following information applies to contracts that contain a Rider For Adjustable Benefits on Life of Insured -

The **PUA Dividend** represents the value of any amount credited as a dividend on existing Paid-Up Insurance Protection and Additional Paid-Up Insurance.

The **Adjustable Insurance Benefit** is the amount we will pay if the Insured dies while the rider is in force. It consists of a combination of Term Insurance Protection and Paid-Up Insurance Protection.

The **Additional Paid-Up Insurance** amount, if any, is also payable if the Insured dies. It includes the amount of insurance provided by any one sum payment you have made and asked us to use to increase the amount of coverage. If the Adjustable Insurance Benefit is made up of all Paid-Up Insurance Protection (i.e., no Term Protection), any future dividends or rider premiums will be used to provide Additional Paid-Up Insurance.

**Power of Agents -** Only a Prudential officer may agree to modify your contract; the agreement must be in writing. No one else has the power to extend the time for paying a premium, to waive any condition or provision of your contract, or to bind us to any other change in the terms or conditions of your contract.

---

The Prudential Insurance Company of America

If you pay by mail, your cancelled check or other record of payment is your receipt. We will give you a signed receipt if you ask.

Check or M.O. No. _____

Amount $ _____   Date _____

Newark, New Jersey 07102-3777

If you pay in person to an authorized Company representative, he or she will sign here.

Office if Other than In Force

Receipt of $ _____ is acknowledged.   _____

Signed by _____   Date _____

 **Prudential**

Customer Service Office
P.O. Box 7390
Philadelphia, PA 19176
(800) 782-5356
www.prudential.com

Tom W Slack JR
Po Box 6278
Tyler, TX 75711-6278

Insured: Tom W. Slack JR
Policy Number: 77938804

November 8, 2012

Dear Tom W Slack JR:

I am writing in regard to your request to reinstate the policy listed above.

The premiums are paid to July 19, 2012. To apply for reinstatement, send us a payment of $17,300.00 by November 22, 2012, along with the completed and signed Application for Reinstatement. It is important that all checks and forms be mailed together to avoid delays.

If your application is approved, your policy will be reinstated and the premiums will be paid to July 19, 2013.

Please note that there is no dividend value available to reinstate the policy.

Enclosed you will find an application for reinstatement. Please complete the entire application and return it to us with your payment in the reply envelope provided. **If every question is not answered in full, we will be required to reject your request for reinstatement and you will need to complete and submit a new application.**

In order for us to consider your application, the following is required:
- You must answer all questions and initial any changes or corrections.
- A full explanation of any "yes" answer in Part 1, section D (General Information), must be provided where indicated at the end of the section.
- A full explanation of any "yes" answer in Part 2, section D (Medical Information), must be provided where indicated at the end of the section.
- You must sign and currently date the application.
- You must sign and currently date the Authorization to Release Information.

In addition, you must also return:
- The full amount needed to reinstate.

**EXHIBIT**

tables' *E*

In order to determine if this policy can be reinstated, we may require that you take a medical examination. If an examination is required you will be contacted by a company working on behalf of Prudential to schedule the examination as part of the evaluation process. Please read the enclosed

Life insurance issued by The Prudential Insurance Company of America, located at 751 Broad Street, Newark, NJ 07102-3777, a Prudential Financial, Inc. company solely responsible for its own financial condition and contractual obligations.

Prudential, the Prudential logo, and the Rock symbol are service marks of Prudential Financial, Inc. and its related entities, registered in many jurisdictions worldwide.

Important Notice About Your Application for Reinstatement carefully and retain it for your records, as it provides information regarding the medical examination process if one is required.

If you have any questions or would like more information, please call our customer service office at (800) 782-5356 and refer to reference number ACPQ3CH3. We are available Monday through Friday between 8:00 a.m. and 7:00 p.m. Eastern time. If you are using a telecommunications device for the hearing impaired, please call (800) 778-8633, Monday through Friday between 8:00 a.m. and 6:00 p.m. Eastern time. One of our customer service representatives will be glad to help you.

Sincerely,

*Cindy De Haven*

Cindy De Haven
Manager Customer Service Office