IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARCIA SLACK | §§§§ |
| Plaintiff, | §§ |
| v. | § No. 6:14-cv-576-JDL |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA | §§ JURY DEMANDED |
| Defendant, Third-Party Plaintiff | §§§§ |
| RONNIE WILLIAM SHAFFER | §§§ |
| Third-Party Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant and Third-Party Plaintiff Prudential Insurance Company of America's ("Prudential") Motion to Dismiss Third-Party Defendant Ronnie Shaffer's counterclaims for fraud and negligent misrepresentation. (Doc. No. 65.) Mr. Shaffer filed a Response (Doc. No. 68), to which Prudential filed a Reply (Doc. No. 76), and Mr. Shaffer filed a Sur-Reply (Doc. No. 77). Upon consideration, the Court finds that Mr. Shaffer should be allowed to amend his counterclaims for fraud and negligent misrepresentation and therefore **DENIES** Prudential's Motion without prejudice to reurging.

### BACKGROUND

On June 23, 2014, Prudential removed this action from State Court to Federal Court. (Doc. No. 1.) Plaintiff Marcia Slack sued Prudential in State Court alleging, *inter alia*, breach of contract and violations of the Deceptive Trade Practices Act ("DTPA") and the Texas Insurance

Code. (Doc. No. 1, Ex. A.) On March 4, 2015, Prudential filed a Third-Party Complaint against Ronnie Shaffer, seeking indemnity and/or contribution and alleging breach of contract and negligence. (Doc. No. 28.) On April 15, 2015, Mr. Shaffer filed an Answer to Prudential's Complaint and asserted several counterclaims, at least two of which were for alleged negligent misrepresentation and common law fraud. (Doc. No. 58.) Thereafter, Prudential filed the instant motion to dismiss the negligent misrepresentation and fraud counterclaims. (Doc. No. 65.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

When alleging fraud, Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 266 (5th Cir. 2010) (citations and internal quotation marks omitted). "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 185 n. 8 (5th Cir.2009) (citations and internal quotation marks omitted).

## DISCUSSION

Prudential contends that Mr. Shaffer has failed to allege fraud with sufficient specificity, specifically that Mr. Shaffer has failed to allege the what, where, who, and when of his fraud allegation. (Doc. No. 65, at 5-8.) In his counterclaim, Mr. Shaffer alleges as follows:

> Further pleading, Shaffer sues Prudential for negligent misrepresentation and common law fraud. Prudential misrepresented to Shaffer that that Tom W. Slack, Jr.'s insurance premiums would be paid in the exact same manner as they had been paid in 2011. This was a material representation, and Shaffer relied upon the representation in advising Mr. Slack. Prudential, however, did not pay the insurance premiums in the same manner as they had been paid in 2011. Prudential's representations were, therefore, false. Prudential knowingly made the false representation, or made the representation recklessly, as a positive assertion, and without knowledge of its truth. At all relevant times, the employees of Prudential were acting within the course and scope of their employment. Shaffer asserts the doctrine of respondeat superior.

3

(Doc. No. 58, at ¶ 111.)

Prudential is correct that these allegations fail to state any facts regarding when the alleged fraudulent statements were made. While Mr. Shaffer identifies the alleged fraudulent statement "that Tom W. Slack, Jr.'s insurance premiums would be paid in the exact same manner as they had been paid in 2011," there is no indication in his pleadings as to when this statement was made. (Doc. No. 58, at ¶ 111.) Similarly, the allegations fail to state with any specificity who at Prudential made this statement or where it was made. In these regards, the Court finds that Mr. Shaffer's fraud allegations fail to put Prudential on sufficient notice of the relevant factual bases for his claim.[1]

Mr. Shaffer attempts to supplement his pleadings with a written Declaration attached to his response to the motion to dismiss that sets forth additional detail and information regarding the conversations and representations Prudential made to him. (Doc. No. 68, at 2.) Because this Declaration was not attached to Mr. Shaffer's Answer and counterclaims, nor was it even referenced therein, the Court declines to consider it for purposes of deciding the sufficiency of Mr. Shaffer's pleadings. *Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000) ("[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.") Mr. Shaffer does request the opportunity to amend or supplement his pleadings with respect to his counterclaims. (Doc. No. 68, at 5.) Given that Prudential does not dispute it received a copy of the Declaration in question on September 15, 2014, the Court finds that Prudential would not be unfairly prejudiced by allowing Mr. Shaffer to amend his pleadings at this time. The Court emphasizes that, in amending his pleadings, Mr. Shaffer must state, with as much specificity and clarity as possible,

---

[1] Because, as alleged, Mr. Shaffer's claims for fraud and negligent misrepresentation arise out of the same set of facts, the Court, at this time, need not separately reach the issue of whether Mr. Shaffer's allegations as pled would be sufficient to sustain his claim for negligent misrepresentation.

the facts which support his allegation for common law fraud, including the "who what when where, and how" of the alleged fraud.[2]

## CONCLUSION

Accordingly, Prudential's Motion to Dismiss Mr. Shaffer's fraud claims is **DENIED** without prejudice. The Court further **GRANTS** Mr. Shaffer leave to amend his counterclaims within fourteen days of the date of this Order to comply with Rule 9(b) as described herein. Within seven days of receipt of Mr. Shaffer's amended counterclaims, Prudential may file a renewed motion to dismiss should good cause for filing such a motion exist based upon Mr. Shaffer's amended counterclaims.

**So ORDERED and SIGNED this 12th day of August, 2015.**

*[signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that Prudential challenges whether Mr. Shaffer's negligent misrepresentation counterclaim is statutorily time-barred. (Doc. No. 65, at 10-11.) However, as noted, Mr. Shaffer has not alleged any facts regarding the timing of the statements that give rise to this cause of action. Accordingly, because Mr. Shaffer has not alleged when the misrepresentations occurred—and indeed these facts regarding timing may ultimately be disputed—the Court cannot accept as truth the date Prudential sets forward in it Motion to Dismiss, and therefore declines to consider this issue at this time.